UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN SHEPPARD,

        Plaintiff,                     CIVIL ACTION NO. 07-14012

        v.                               DISTRICT JUDGE ARTHUR J. TARNOW

DR. JORDEE and JEANNIE,         MAGISTRATE JUDGE VIRGINIA M. MORGAN
STEPHENSON,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

      This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC") alleges that defendants violated his constitutional rights through their deliberately indifferent medical care. The matter comes before the court on defendant Stephenson's Motion for Summary Judgment (D/E #10). Plaintiff filed a response to that motion in which he concedes that Stephenson lacks personal involvement in the alleged constitutional violations (D/E #35). For the reasons stated below, this Court recommends that defendant Stephenson's motion be **GRANTED** and that she be dismissed from this action.

**II. Background**

    **A. Complaint**

On September 24, 2007, plaintiff filed the complaint in this matter (D/E #1). In that complaint, plaintiff alleges that, on November 22, 2004, Dr. K.N. Mishra diagnosed plaintiff with advanced degenerative changes in his hip joint, among other conditions. (Complaint, ¶ 1) Dr. Mishra also allegedly told plaintiff to see if plaintiff could live with the condition and that "they" were looking into a total hip replacement for plaintiff. (Complaint, ¶ 1) According to plaintiff, Dr. Mishra also told plaintiff that the plaintiff's degenerative changes in his hip joint would worsen with time. (Complaint, ¶ 1) Plaintiff further alleges that, on December 12, 2004, Dr. Jordee denied plaintiff's request for a hip replacement by stating that "[t]his injury happened outside of incarceration." (Complaint, ¶ 2)

Plaintiff also alleges that, on January 25, 2007 and February 5, 2007, plaintiff fell down after his hip gave out. (Complaint, ¶ 3) The second time plaintiff fell, he hit his head against the wall and injured it. (Complaint, ¶ 3) According to plaintiff, it took the prison health care staff approximately an hour to respond to plaintiff's head injury. (Complaint, ¶ 4) Once plaintiff was taken to health care, he told a Nurse Hope that his hip had gotten worse and he needed the hip replacement. (Complaint, ¶¶ 5-6) Nurse Hope told plaintiff that his medical file provided that plaintiff had been denied hip replacement and, therefore, there was nothing she could do as a nurse. (Complaint, ¶ 7)

Plaintiff further alleges that. on May 1, 2007, plaintiff sent a kite to health care asking for a hip replacement or walker. (Complaint, ¶ 8) After health care failed to respond, plaintiff filed

- 2 -

a grievance against the prison medical staff on May 9, 2007. (Complaint, ¶ 9) Stephenson then denied plaintiff a walker, hip replacement and plaintiff's pain medication. (Complaint, ¶ 11)

As Exhibit A to his complaint, plaintiff provides an October 14, 2004 Clinic Consultation form from Dr. Mishra. In that form, Dr. Mishra states that plaintiff has had problems with his left hip since an automobile accident that occurred when plaintiff was eighteen, over twenty years earlier. Dr. Mishra also stated that plaintiff has been limping and is in acute pain. Dr. Mishra further stated that, on plaintiff's left hip joint, "ROM is restricted and he is extremely painful." Dr. Mishra diagnosed plaintiff with "Degenerative arthritis of the left hip with avascular necrosis." In the section of the form titled "Recommendations", Dr. Mishra stated

> I have told the patient to see if he can live with it. His pain is severe at times, but he needs to get his weight off that leg. I have recommended that he use a cane and begin taking Motrin 800 mg. twice daily. He should also use a heating pad to see if he can alleviate his pain. We are looking at a total hip replacement on this gentleman. He is age 39, and surgery can be performed – I just want to see if he can live with it a little bit longer so that we don't have to do it at such a young age. His joint is not gone, but it does show advanced degenerative changes.

Dr. Mishra further stated that he would follow plaintiff's progress in the future and plaintiff would return to see him in three months, at which time they may elect to do a total hip replacement.

As Exhibit B to his complaint, plaintiff provides the December 16, 2004 form in which Dr. Jordee denied plaintiff's request for hip replacement, in which Dr. Jordee wrote that the surgery was not authorized , that plaintiff "need to us (sic) Dr. Mishra's recommendations for 3+ months" and that the injury happened outside of incarceration.

**B. Motion Before the Court**

On December 12, 2007, Stephenson filed a motion for summary judgment (D/E #10). In that motion, Stephenson argues that she is entitled to summary judgment because she merely denied plaintiff's grievance over this incident and she was not personally involved in the alleged denial of plaintiff's constitutional rights. Stephenson also argues that plaintiff does not state a claim for deliberate indifference by merely challenging a medical decision. Stephenson further argues that she is entitled to Eleventh Amendment immunity and qualified immunity.

On July 16, 2008, plaintiff filed a response to Stephenson's motion for summary judgment (D/E #35). In that response, plaintiff concedes that his claim against Stephenson should be dismissed because she was not personally involved in the violation of plaintiff's rights.

**III. Standard of Review**

Stephenson moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(b), which states that "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move without or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the non-movant. See Matsushita Electric Industrial Co., Ltd. et al. v. Zenith Radio Corp., et. al., 475 U.S. 547, 587, 106 S.Ct. 1348, 1356 (1986); see

also B.F. Goodrich Co. v. U.S. Filter Corp., 245 F.3d 587, 591-92 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Once the moving party has carried his burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 587, 106 S.Ct. 1348. The opposing party cannot merely rest upon the allegations contained in his pleadings. Rather, he must submit evidence demonstrating that material issues of fact exist. Banks v. Wolfe County Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003); Fed. R. Civ. P. 56(e). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587, quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 1575, 1592 (1968)).

## IV. Discussion

As conceded by plaintiff, Stephenson is entitled to summary judgment because she was not personally involved in the alleged constitutional violation. To succeed in a claim under § 1983, a plaintiff must show personal involvement by the defendant in the constitutional violation and, at a minimum, the defendants must have encouraged or condoned the illegal actions of the other defendants. Salehpour v Univ. of Tenn., 159 F.3d 199, 206-207 (6th Cir. 1998); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam). Moreover, the Sixth Circuit has held that a denial of an administrative grievance and the failure to remedy the alleged constitutional violation did not constitute sufficient involvement to establish liability under 42 U.S.C. § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

In this case, Stephenson provided an affidavit detailing her involvement with plaintiff's medical treatment. (Affidavit of Jeannie Stephenson, attached as Exhibit A to Stephenson's Motion for Summary Judgment) In that affidavit, Stephenson states that she is a Clinical Administrative Assistant for Region 1 of the MDOC and that part of her job is to respond to step-two grievances filed against health care staff in Region 1. (Stephenson's Affidavit, ¶ 1) Stephenson also states that the prescribing of medical treatment is not within her authority and that her only involvement with plaintiff's medical treatment came when she denied a grievance filed by plaintiff at Step II of the MDOC grievance process. (Stephenson's Affidavit, ¶¶ 11-14] Plaintiff does not provide any evidence contradicting that affidavit and, in fact, he concedes that Stephenson was not personally involved with his medical treatment. Given Stephenson's lack of involvement in the alleged constitutional violation, she is entitled to summary judgment on the claim against her. See Shehee, 199 F.3d at 300; Salehpour, 159 F.3d at 206-207.

### V. Conclusion

For the reasons discussed above, this Court recommends that defendant Stephenson's motion be **GRANTED** and that she be dismissed from this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues,

but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: August 1, 2008

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on August 1, 2008.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan