UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWIN SHEPPARD,

       Plaintiff,                      CIVIL ACTION NO. 07-14012

      v.                               DISTRICT JUDGE ARTHUR J. TARNOW

DR. JORDEE and JEANNIE        MAGISTRATE JUDGE VIRGINIA M. MORGAN
STEPHENSON,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

     This is a *pro se* 42 U.S.C § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections ("MDOC") alleges that defendants violated his constitutional rights through their deliberately indifferent medical care. On September 9, 2008, the Honorable Arthur J. Tarnow issued an order adopting this Court's Report and Recommendation and granted summary judgment in favor of defendant Stephenson (D/E #37). Defendant Dr. Jordree is the only defendant remaining in this action. For the reasons stated below, this Court recommends that Dr. Jordree be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that this case be closed because plaintiff failed to state a claim against Dr. Jordree upon which relief can be granted.

## II. Background

On September 24, 2007, plaintiff filed the complaint in this matter (D/E #1). In that complaint, plaintiff alleges that, on November 22, 2004, Dr. K.N. Mishra diagnosed plaintiff with advanced degenerative changes in his hip joint, among other conditions. (Complaint, ¶ 1) Dr. Mishra also allegedly told plaintiff to see if plaintiff could live with the condition and that "they" were looking into a total hip replacement for plaintiff. (Complaint, ¶ 1) According to plaintiff, Dr. Mishra also told plaintiff that the plaintiff's degenerative changes in his hip joint would worsen with time. (Complaint, ¶ 1) Plaintiff further alleges that, on December 12, 2004, Dr. Jordee denied plaintiff's request for a hip replacement by stating that "[t]his injury happened outside of incarceration." (Complaint, ¶ 2)

Plaintiff also alleges that, on January 25, 2007 and February 5, 2007, plaintiff fell down after his hip gave out and he injured his head. (Complaint, ¶ 3) According to plaintiff, it took the prison health care staff approximately an hour to respond to plaintiff's head injury. (Complaint, ¶ 4) Once plaintiff was taken to health care, he told a Nurse Hope that his hip had gotten worse and he needed the hip replacement. (Complaint, ¶¶ 5-6) Nurse Hope told plaintiff that his medical file provided that plaintiff had been denied hip replacement and, therefore, there was nothing she could do as a nurse. (Complaint, ¶ 7)

Plaintiff further alleges that on May 1, 2007, plaintiff sent a kite to health care asking for a hip replacement or walker. (Complaint, ¶ 8) Plaintiff filed a grievance against the prison medical staff on May 9, 2007. (Complaint, ¶ 9) Stephenson then denied plaintiff a walker, hip replacement and plaintiff's pain medication. (Complaint, ¶ 11)

As Exhibit A to his complaint, plaintiff provides an October 14, 2004 Clinic Consultation form from Dr. Mishra. In that form, Dr. Mishra states that plaintiff has had problems with his left hip since an automobile accident that occurred when plaintiff was eighteen, over twenty years earlier. Dr. Mishra also stated that plaintiff has been limping and is in acute pain. Dr. Mishra further stated that, on plaintiff's left hip joint, "ROM is restricted and he is extremely painful." Dr. Mishra diagnosed plaintiff with "degenerative arthritis of the left hip with avascular necrosis." In the section of the form titled "Recommendations," Dr. Mishra stated:

> "I have told the patient to see if he can live with it. His pain is severe at times, but he needs to get his weight off that leg. I have recommended that he use a cane and begin taking Motrin 800 mg. twice daily. He should also use a heating pad to see if he can alleviate his pain. We are looking at a total hip replacement on this gentleman. He is age 39, and surgery can be performed – I just want to see if he can live with it a little bit longer so that we don't have to do it at such a young age. His joint is not gone, but it does show advanced degenerative changes."

Dr. Mishra further stated that he would follow plaintiff's progress in the future and plaintiff would return to see him in three months, at which time they may elect to do a total hip replacement.

As Exhibit B to his complaint, plaintiff provides a December 16, 2004 form in which Dr. Jordee denied plaintiff's request for hip replacement. Dr. Jordee wrote that the surgery was not authorized, that plaintiff "need to us (sic) Dr. Mishra's recommendations for 3+ months." The form also noted that the injury happened outside of incarceration.

Along with his complaint, plaintiff filed an application to proceed without prepayment of fees (D/E #2). The Honorable R. Steven Whalen granted that application and directed the U.S.

Marshal's Service to serve a copy of the summons and complaint on each defendant (D/E #3, #4). On November 26, 2007, a waiver of service was returned unexecuted as to Dr. Jordree (D/E #8).[1] On June 6, 2008, this Court issued an order for plaintiff to show cause why Dr. Jordree should not be dismissed for lack of service (D/E #29). Plaintiff responded to that order to show cause on July 2, 2008 (D/E #34). This Court found plaintiff's response to be adequate and ordered the Director of the Correctional Medical Services (CMS) to provide, under seal, the last known address of Dr. Jordree by September 29, 2008 (D/E #38). On September 23, 2008, counsel for defendant Stephenson provided an address for CMS (D/E #39) and this Court then issued an order re-directing service on Dr. Jordree at that address (D/E #40). This Court also ordered that, if service could not be effected on Dr. Jordree, CMS was to show cause why service could not be executed or, in the alternative, provide the last known address of Dr. Jordree under seal (D/E #40). The U.S. Marshal's Service acknowledged receipt of the service of process documents on October 15, 2008 (D/E #41), but service has not been completed as to Dr. Jordree. CMS had failed to either show cause why service could not be executed or provide the last known address of Dr. Jordree under seal, but, in light if plaintiff's failure to state a claim upon which relief can be granted, neither action is necessary at this time.

### III. Discussion

Title 28 U.S.C. § 1915(e)(2)(B) provides that, in cases where a prisoner is proceeding *in forma pauperis,* the court shall dismiss the case at any time if the court determines that the action

---

[1]This Court would note that the waiver of service was initially docketed as executed and that mistake was corrected on December 19, 2007 (D/E #16).

is frivolous or fails to state a claim upon which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(I)-(ii).  In this case, Dr. Jordree should be dismissed *sua sponte* because plaintiff clearly failed to state a claim upon relief can be granted against Dr. Jordree.

Plaintiff alleges that, on December 12, 2004, Dr. Jordee denied plaintiff's request for a hip replacement on December 12, 2004, and that Dr. Jordree's actions constituted a violation of the Eight Amendment to the United States Constitution.  A prisoner's claim that his constitutional right to medical treatment was violated is analyzed under the Eighth Amendment.  See Estelle v. Gamble, 429 U.S. 97, 103-104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  To state a § 1983 claim for a violation of a prisoner's Eighth Amendment rights due to inadequate medical care, the prisoner must allege facts evidencing a deliberate indifference to serious medical needs.  Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  To succeed on such a claim, the plaintiff must satisfy two elements, an objective one and a subjective one.  Wilson, 501 U.S. at 300.

The objective component is satisfied by a showing that plaintiff had a serious medical need.  Wilson, 501 U.S. at 297.  As clarified by the Sixth Circuit, a reviewing court should first determine whether the injury is "obvious," i.e. "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004), quoting Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990).  "'Where the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person,' this obviousness is itself sufficient to satisfy the objective component of the adequate medical

care test." Johnson v. Karnes, 398 F.3d 868, 874 (6th Cir. 2005), quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004). Therefore, if there is an obvious need for medical treatment, then the court must only determine whether the delay in securing that care was reasonable. Blackmore, 390 F.3d at 899-900. If, however, the need involves minor needs or non-obvious complaints of a serious need for medical care, the plaintiff "'must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.'" Johnson, 398 F.3d at 874, quoting Napier v. Madison County, Kentucky, 238 F.3d 739, 742 (6th Cir. 2001).

To satisfy the subjective component of the adequate medical care test, the plaintiff must demonstrate that the defendant "subjectively perceived a risk of harm and then disregarded it." Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001). Deliberate indifference is characterized by obduracy and wantonness, not inadvertence or good faith error. Gibson v. Foltz, 963 F.2d 851, 853 (6th Cir. 1992). Moreover, where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment, courts are reluctant to second guess medical judgments, Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976), and deliberate indifference does not include negligence in diagnosing a medical condition. Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir. 1995) (citations omitted). However, it is not necessary for a plaintiff to "show that the official acted 'for the very purpose of causing harm or with knowledge that harm will result.'" Comstock, 273 F.3d at 703, quoting Farmer, 511 U.S. at 835. Put simply, "deliberate indifference to a substantial risk of serious harm to a prisoner is the

equivalent of recklessly disregarding that risk." Comstock, 273 F.3d at 703, quoting Farmer, 511 U.S. at 835.

The Sixth Circuit has held that a *pro se* litigant's submissions are to be construed liberally, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) and are to be held to a "less stringent standard[]" than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). In this case, even viewing plaintiff's complaint liberally, plaintiff merely alleges a dispute over the adequacy of his treatment and he has clearly failed to allege that Dr. Jordree possessed a sufficiently culpable state of mind.

Plaintiff's complaint states that he alleges a violation of his rights under the Eighth Amendment and it also describes Dr. Jordree's conduct, but there is no specific allegation that Dr. Jordree acted with deliberate indifference or that he subjectively perceived a risk of harm to plaintiff and then disregarded it. Moreover, the exhibits plaintiff attached to his complaint demonstrate that Dr. Jordree did not act with deliberate indifference in denying plaintiff's request for a hip replacement. According to those exhibits, Dr. Mishra examined plaintiff on October 14, 2004, and, while Dr. Mishra noted that plaintiff might require a total hip replacement in the future, Dr. Mishra wanted "to see if [plaintiff] can live with it a little bit longer so that we don't have to do [the surgery] at such a young age." (Clinic Consultation, attached as Exhibit A to Plaintiff's Complaint) Dr. Mishra's report also stated that Dr. Mishra would follow plaintiff's progress in the future and that plaintiff would return to see him in three months, at which time they may elect to do a total hip replacement. (Clinic Consultation, attached as Exhibit A to Plaintiff's Complaint) Despite Dr. Mishra's recommendations, plaintiff

requested a total hip replacement prior to seeing Dr. Mishra again and, on December 12, 2004, Dr. Jordree denied plaintiff's request for the surgery. (CMS Pended or Denied Form, attached as Exhibit B to Plaintiff's Complaint)  As stated in the denial form plaintiff attached to his complaint, Dr. Jordree denied plaintiff's request as premature because Dr. Mishra had not examined plaintiff again and had not recommended a hip replacement. (CMS Pended or Denied Form, attached as Exhibit B to Plaintiff's Complaint)  Dr. Jordree also directed plaintiff to provide Dr. Mishra's recommendations after Dr. Mishra saw plaintiff again. (CMS Pended or Denied Form, attached as Exhibit B to Plaintiff's Complaint)

Therefore, according to plaintiff's own complaint and exhibits, Dr. Jordree's denial of plaintiff's request for a hip replacement was based on the recommendations of plaintiff's treating physician and his actions clearly did not constitute deliberate indifference to plaintiff's serious medical needs, assuming plaintiff had serious medical needs.  By failing to allege the subjective component of an Eight Amendment claim and submitting evidence that demonstrates a lack of deliberate indifference, plaintiff has failed to state a claim against Dr. Jordree upon which relief can be granted and his claim should be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. Conclusion

For the reasons discussed above, this Court recommends that Dr. Jordree be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because plaintiff failed to state a claim against Dr. Jordree upon which relief can be granted.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508 (6th Cir. 1991); <u>United States v. Walters</u>, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: January 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on January 29, 2009.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan